PEOPLE v. CHESBRO.

1. CRIMINAL LAW—CONFLICTING TESTIMONY—REVIEW BY SUPREME COURT.

On appeal from a conviction in a criminal case where there is conflicting testimony the Supreme Court will not weigh the evidence but merely ascertain that there is evidence from which the trier of the facts could find defendant guilty beyond a reasonable doubt of the crime charged.

2. SAME—NONJURY TRIAL—RESISTING AN OFFICER—CREDIBILITY.

In nonjury trial on charge of resisting an officer the trial court who saw and heard the witnesses was the best able to judge of the credibility to be accorded their testimony.

3. JUDGES—DISQUALIFICATION AS TRIER OF THE FACTS.

Judge in prosecution of defendant for resisting an officer was not disqualified from trying case without a jury because of fact that he had taken and accepted plea of guilty of one jointly charged with same offense and, pursuant to statute, had carefully examined into the facts of the case (3 Comp. Laws 1929, § 17328).

4. SAME—DISQUALIFICATION BASED ON PUBLIC POLICY.

The rule disqualifying a judge, whether statutory or common law, is predicated upon public policy.

5. SAME—PREJUDICE OR BIAS IN FACT NECESSARY TO DISQUALIFY A JUDGE.

If prejudice or bias is the reason alleged for disqualifying a judge, there must be prejudice or bias in fact, and it can never be based solely upon a decision in the due course of judicial proceedings.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 15, 1942. (Docket No. 78, Calendar No. 41,827.) Decided March 17, 1942. Rehearing denied May 18, 1942.

Robert Chesbro was convicted of resisting an officer. Affirmed.

*Pierce, Planck & Ramsey,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Richard B. Foster,* Prosecuting Attorney, and *Victor C. Anderson,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. Defendant was tried, convicted and sentenced for the crime of resisting an officer. The cause was tried without the aid of a jury. Dewight Mitter, DeWayne Bradley, and respondent were charged with resisting a police officer in the city of Lansing on July 30, 1941. Mitter pleaded guilty prior to the trial of respondent.

At the trial of respondent, evidence was introduced showing that a gasoline station in the city of Lansing had been broken into three days previous to July 30, 1941. A city detective went to the house where Mitter was staying for the purpose of arresting him for the crime of breaking and entering into the gasoline station. The detective was not in uni-

form; he was in his shirt sleeves, wore no vest, and was bareheaded. He had a gilt-covered detective badge pinned on his suspenders about four or five inches below his shoulder. On the evening in question, Chesbro met Mitter and Bradley at a restaurant. They drove to the place where Mitter was staying. Mitter left the car and went up on the porch where he found the detective and engaged in conversation with him. Shortly thereafter, Mitter and the detective entered into a struggle which continued until they were near the sidewalk. At this point, Mitter was down on his back and the detective astride of him. Mitter then called for help and defendant entered the fray and attacked the detective.

It is the claim of the people that just after defendant entered the fray, the detective said to Chesbro and Bradley, "I am a police officer and this man is under arrest and you fellows better stay out of this;" that both Chesbro and Bradley continued to push and pull the detective after the above command had been given two or three times; and that the street light was sufficiently bright so that the defendant could see the detective's official badge.

It is urged by the defendant that at no time during the fight did he believe or have reason to believe that the man with whom Mitter was fighting was a police officer.

The trial court found defendant guilty. In our opinion the finding of guilt was supported by the evidence. The trial court in denying a motion for a new trial stated: "At the conclusion of the proofs there was no reasonable doubt in my mind as to respondent's guilt, and verdict was rendered accordingly." An examination of the record discloses that there is a conflict in the testimony. In

*People* v. *Blanchard,* 136 Mich. 146, we held that this court, on appeal in a criminal case, will not weigh conflicting evidence. There is evidence in this case from which the trier of facts could find defendant guilty beyond a reasonable doubt of the crime charged. In *People* v. *Eger,* 299 Mich. 49, we said: "The trial court saw and heard the witnesses and was best able to judge the credibility to be accorded their testimony."

In the case at bar, the credibility of the various witnesses and the weight to be given their testimony was for the determination of the trier of facts. We find no reason to disturb his findings; and we are convinced that the guilt of defendant was established beyond a reasonable doubt.

It is next urged that the trial judge was disqualified in that he took and accepted the plea of guilty of Mitter, one of those jointly charged with resisting an officer; that in doing so, it is presumed the trial judge performed the duties imposed upon him by 3 Comp. Laws 1929, § 17328 (Stat. Ann. § 28.1058), which requires that the trial judge shall examine carefully into the facts of the case; and that from such examination, he had a preconceived idea as to defendant's part in the affair.

In denying a motion for a new trial, the trial court stated:

"In the instant case the motion does not aver prejudice or bias in fact, nor allege facts from which any conclusion as to the existence thereof may properly be deduced. No claim is made that prejudice or bias was evinced in any form. Actually there was none. If the court had entertained the slightest opinion as to the guilt of Chesbro when his case was brought on for trial, other arrangements would have been made for such trial."

In *Crowley, Milner & Co.* v. *Macomb Circuit Judge,* 239 Mich. 605, we said:

"The rule disqualifying a judge, whether statutory or common law, is predicated upon public policy, and, if prejudice or bias is the reason alleged, there must be prejudice or bias in fact. Such prejudice or bias can never be based solely upon a decision in the due course of judicial proceedings."

The record in this case sustains the findings of the trial judge, and the judgment is affirmed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUTZEL, and BUSHNELL, JJ., concurred. WIEST, J., did not sit.