PEOPLE *v.* DORIS WHITE.

1. Criminal Law—Nonjury Cases—Weight of Evidence.
   The trial judge is the trier of the facts in a nonjury trial of
   a prosecution for crime and may give such weight to the
   testimony as it is entitled to in his opinion.

2. Appeal and Error—Nonjury Cases—Preponderance of Evidence.
   The Court of Appeals will not reverse the judgment of a trial
   court in a nonjury case on a finding of fact unless the evidence clearly preponderates in a direction opposite to the
   finding by the trial court.

3. Criminal Law—Larceny—Evidence—Identification of Defendant.
   Evidence presented in prosecution of appellant and another
   for larceny by trick *held*, sufficient to support finding of
   guilt by trial court sitting without a jury, notwithstanding
   claim on part of appellant that 80-year-old complainant, having been ill, was unable to identify defendant (CLS 1961,
   § 750.356).

Appeal from Recorder's Court for the City of Detroit; Gillis (Joseph A.), J. Submitted Division 1 November 3, 1965, at Detroit. (Docket No. 616.) Decided December 20, 1965. Leave to appeal denied by Supreme Court April 19, 1966. See 377 Mich 708.

Doris White and another were convicted of larceny. Defendant White appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel D. Olsen,*

References for Points in Headnotes
[1] 20 Am Jur, Evidence § 1216.
[2] 5 Am Jur 2d, Appeal and Error § 835.
[3] 32 Am Jur, Larceny § 135 *et seq.*

Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Piggins, Balmer, Grigsby, Skillman & Erickson* (*Robert H. Harkness,* of counsel), for defendant.

WATTS, J. Defendants, Doris White and Elizabeth Marshall, were convicted of larceny of $214 by trick in a nonjury trial in the recorder's court of Detroit, both defendants having signed written waivers of trial by jury. Defendant White was sentenced to serve 2–1/2 to 5 years in the Detroit house of correction, and appeals. Defendant Marshall did not appeal.

On July 15, 1964, a criminal complaint was filed by J. K. Winfrey, an 80-year-old woman, alleging defendants committed larceny of $214 by trick in violation of CLS 1961, § 750.356 (Stat Ann 1962 Rev § 28.588).

Complainant Winfrey testified that while shopping in a downtown Detroit store she became ill and was offered assistance by defendant White. At the suggestion of defendant White, they left the store and later were met by defendant Marshall. Defendant Marshall told defendant White and the complainant that she had found a purse which contained approximately $3,000. The complainant and the two defendants went to a nearby park to talk about the "found" money. Defendant Marshall left the conversation on the pretext of reporting the "find" to her "boss" and later returned with the report that the money would be divided between the two defendants and the complainant. After the complainant was persuaded by the defendants to withdraw funds from a savings account in a downtown bank, she delivered to defendants White and Marshall $214 in cash. The complainant was told by the defend-

ants to see a Mr. McBride for the return of the money. Mr. McBride was not located and the money was not returned.

It is the contention of defendant White that the complainant, being a person 80 years of age and having been ill, was unable to identify defendant and that during the trial the complainant had many failures of memory.

The issue in the instant case is whether or not the evidence presented by the prosecution is sufficient, if believed, to support a finding by the trier of the facts that the accused is guilty of the crime charged beyond a reasonable doubt.

In cases tried without a jury, the trial judge is the trier of the facts and he may give such weight to the testimony as in his opinion it is entitled. This Court will not reverse the judgment of the trial court unless evidence clearly preponderates in a direction opposite to the finding of fact by the trial court. *People* v. *Szymanski* (1948), 321 Mich 248; *People* v. *Geddes* (1942), 301 Mich 258; *People* v. *Chesbro* (1942), 300 Mich 720.

Affirmed.

LESINSKI, C. J., and QUINN, J., concurred.