## PEOPLE v. WHEELER.

1. CRIMINAL LAW—LARCENY—CORPUS DELICTI—EVIDENCE.

Testimony of a department store detective that she saw the defendant, whom she had known previously, reach behind the sweater counter in the store, remove 3 sweaters from shelves behind the counter, put them under his coat, and leave, *held,* sufficient to establish the *corpus delicti* in trial for larceny in a store (CL 1948, § 750.360).

2. SAME—LARCENY—EVIDENCE—CREDIBILITY.

Credibility of the witness is the underlying issue in trial for larceny in a store, where the store detective testified that she saw the defendant, whom she had known previously, reach behind the counter, remove 3 sweaters from shelves behind the counter, put them under his coat and leave, and defendant denied the charge, such issue being for resolution by the trier of the fact (CL 1948, § 750.360).

3. SAME—ASSISTANCE OF COUNSEL.

The United States Supreme Court case holding inadmissible an incriminatory statement obtained from a defendant not represented by counsel *held,* not to have application in a case where defendant, charged with larceny in a store, was not represented · by counsel prior to the preliminary examination, but steadfastly maintained his innocence, neither confessing nor making incriminatory statement, where he was represented by counsel both at the preliminary examination and at the trial, and where such statements as he may have made during his interrogation by the police were not used in evidence (CL 1948, § 750.360).

REFERENCES FOR POINTS IN HEADNOTES
[1] 32 Am Jur, Larceny § 136.
[2] 32 Am Jur, Larceny §§ 149, 150.
[3] 29 Am Jur 2d, Evidence §§ 555, 556.
[4] 21 Am Jur 2d, Criminal Law § 137; 29 Am Jur 2d, Evidence §§ 157, 440.

4. SAME—ALIBI—WITNESS—UNAVAILABILITY.

> Defendant charged with larceny in a store, who gave notice of alibi in the manner required by statute, but who was unable to locate his alibi witness during the time he was free on bond for several months before his trial, *held,* not entitled to a new trial because of the failure of the prosecution to find and produce his alibi witness in a case where the police department made an effort to locate the proposed alibi witness without success, and it is not claimed that additional investigative effort by the police or prosecutor was sought prior to trial and refused, or that the prosecution had information which it withheld concerning the location of the witness (CL 1948, §§ 750.360, 768.20).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 December 14, 1966, at Detroit. (Docket No. 1,840.) Decided September 19, 1967.

Charles Wheeler was convicted of larceny in a store. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Joseph A. Powers,* for defendant.

LEVIN, J. Charles Wheeler was charged with larceny in a store, CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). He waived trial by jury and was tried by the judge, convicted and sentenced.

At the trial a department store detective testified that she saw the defendant, whom she had known previously, reach behind the sweater counter in the store, remove three sweaters from the shelves behind the counter, put them under his coat and leave. She claimed that she followed him for a short time,

and then lost him. The defendant was arrested approximately one month later when he was again in the store. He denied the charge.

The defendant's assertion that the prosecution failed to prove the *corpus delicti* is without merit. The testimony of the department store detective was sufficient to establish the same. The underlying issue is credibility, which is an issue confided for resolution to the trier of fact (in this case the trial judge) and not to us. See *People* v. *Szymanski* (1948), 321 Mich 248, 253; and *People* v. *White* (1965), 2 Mich App 104, 106.

The defendant also asserts for the first time on this appeal that he was deprived of the assistance of counsel in violation of the Sixth Amendment of the United States Constitution. He cites *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L ed 2d 977) in support of this contention. *Escobedo* held inadmissible under the circumstances there before the court an incriminatory statement obtained from a defendant not represented by counsel. The defendant in this case was represented by counsel both at the preliminary examination and at the trial. He steadfastly maintained his innocence, neither confessing nor making any incriminatory statement. Such statements as he may have made during his interrogation by the police were not used in evidence. Thus, although he did not have counsel prior to the preliminary examination, the holding in *Escobedo* does not apply.

The defendant asserts that the failure of the prosecution to find an alibi witness and to produce such witness at the time of trial entitles him to a new trial. The defendant gave notice of alibi in the manner required by the statute.[1] The defendant was released on bond several months before the

---

[1] CL 1948, § 768.20 (Stat Ann 1954 Rev § 28.1043).

trial and testified at the time of trial that he made
an effort between his release and the time of trial to
locate the proposed alibi witness, and that his lack
of success was attributable to insufficient money and
inadequate time to continue the search.[2]   Before
the trial, the Detroit police department made an
effort to locate the proposed alibi witness without
success—the police were informed by the defend-
ant's sister that the proposed alibi witness had de-
parted the jurisdiction and that she did not know the
witness' current location.   It is not claimed that
additional investigative effort by the police or pros-
ecutor was sought prior to trial and refused, or that
the prosecution had information which it withheld
concerning the location of the witness.

Affirmed.

LESINSKI, C. J., and BURNS, J., concurred.

---

[2] Counsel was appointed for the defendant on his claim of indigency.
The defendant's claim that lack of money was a factor in his failure
to locate the witness was first asserted at the time of trial.
There is no evidence of any request to the trial judge for assistance
in locating the witness.

The question discussed in "Right to Aid in Addition to Counsel
for Indigent Criminal Defendants" (1963), 47 Minn Law Rev 1054,
was not raised in the trial court nor has it been briefed or argued to
us.   See, also, Dickerson, Model Defense of Needy Persons Act, 4
Harvard Journal on Legislation 3 (1966), regarding provisions for
supplying investigative and other pretrial preparatory services to in-
digents in criminal cases.

See CL 1948, § 775.15 (Stat Ann 1954 Rev § 28.1252), which sets
forth the procedure for service of subpoenas for indigents.