PEOPLE *v.* JONES

1. LARCENY—CRIMINAL LAW—EVIDENCE—POSSESSION OF MONEY—
RELEVANCY.

    The mere possession of a quantity of money is in itself no in-
        dication that the possessor was the taker of money claimed
        to be taken by larceny from the person, because in general
        all money of the same denomination and material is alike;
        but where denominations of the money found in possession
        of defendant and the money taken correspond in a fairly
        close way, the fact of the finding of that specific money
        would have probative value and be relevant evidence in a
        trial for larceny from the person, because the money found
        is fairly marked as identical with the money taken (MCLA
        § 750.357).

2. LARCENY—CRIMINAL LAW—EVIDENCE—MONEY—TIME.

    Admission in evidence at trial for larceny from the person of
        money consisting of three ten-dollar bills and two five-dollar
        bills, found in defendant's possession at the time of his
        arrest after complainant was robbed of four ten-dollar bills,
        one five-dollar bill, and three one-dollar bills is not error
        where there was no lapse of time where it might be argued
        that the defendant had time to acquire or dispose of addi-
        tional money (MCLA § 750.357).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]   32 Am Jur, Larceny §§ 129, 140, 142.
    Evidence of acquisition or possession of money, source of which
        is not traced, as admissible against defendant in criminal case.
        91 ALR2d 1046.
[3] 29 Am Jur 2d, Evidence §§ 251–255.
    30 Am Jur 2d, Evidence § 1080.
[4] 53 Am Jur, Trial §§ 1122, 1123.
[5, 6] Admissibility of evidence as to extrajudicial or pretrial iden-
    tification of accused.  71 ALR2d 449.

3. EVIDENCE—RELEVANCY—WEIGHT.
  Relevancy of evidence has no bearing on the weight to be given it.

4. EVIDENCE—WEIGHT—NONJURY CASE.
  The trial court, sitting without a jury, may assign whatever weight it deems appropriate to evidence before it, subject only to reversal by the Court of Appeals.

5. CRIMINAL LAW—CONSTITUTIONAL LAW—EVIDENCE.
  Complainant's view of defendant charged with larceny from the person did not constitute a deprivation of due process where the police officer who arrested the defendant could not have been expected to keep him from the view of the complainant who, in hot pursuit, arrived on the scene shortly after the arrest (MCLA § 750.357).

6. CRIMINAL LAW—LARCENY—EVIDENCE—LINEUP.
  Claim of defendant on appeal that there was no evidence at his trial for larceny from the person that complainant ever gave a description of the thief to the police or to the court is irrelevant to the issue of whether there was a fair lineup (MCLA § 750.357).

Appeal from Recorder's Court of Detroit, Gerald W. Groat, J. Submitted Division 1 June 9, 1969, at Detroit. (Docket No. 3,705.) Decided July 29, 1969.

Percy Fred Jones was convicted of larceny from the person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Ted Vincent,* for defendant on appeal.

Before: FITZGERALD, P. J., and LEVIN and T. M. BURNS, JJ.

Fitzgerald, P. J.    While snoozing in his parked automobile, complainant was awakened by the presence of a man who "jumped back" and fled. Complainant assumed that his wallet was in the hand of the man. Rising to the occasion, complainant left his automobile and began chasing the thief. An off-duty patrolman observed a man running by his car and joined in the pursuit, finally arresting the defendant as he emerged from an alley carrying his "stingy brim" hat, his sport coat, and his sunglasses, all of which the man who first passed the patrolman was wearing. Search of the defendant revealed three ten-dollar bills and two five-dollar bills.

The complainant later selected defendant from a lineup of ten or twelve men. At the trial, he testified that his wallet contained four ten-dollar bills, one five-dollar bill, and three ones. Exhibit #1 at the trial was the $40 taken from defendant. Exhibit #2 was a memorandum of the lineup. Following defendant's objections to both exhibits, they were both admitted into evidence, this admission presenting us with the two issues on appeal following defendant's conviction by the court for larceny from the person.[1]

It is necessary to show the relevance of the amount of money seized from a suspect to the larceny charged. Neither party to this appeal considers *People* v. *Cybulski* (1968), 11 Mich App 244, wherein it is stated, citing 1 Wigmore on Evidence (3d ed), § 154, Possession of money to evidence larceny, et cetera:

" 'The mere possession of a quantity of *money* is in itself no indication that the possessor was the taker of money charged as taken, because in general all money of the same denomination and material is alike. * * * But *where the denominations of the*

---

[1] MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

*money found and the money taken correspond in a fairly close way, the fact of the finding of that specific money would have probative value and be relevant,* because the money found is fairly marked as identical with the money taken.' (Emphasis supplied.)"

There is no lapse of time here, as there was in *Cybulski,* where it might be argued that the defendant had time to acquire or dispose of additional money. We also note our statement in *Cybulski,* which was tried before a jury, to wit: "The relevancy of the evidence has no bearing on the weight to be given it." (Citing 1 Wharton, Criminal Evidence [12th ed], § 148.) The trial court, sitting without a jury, may assign whatever weight to evidence before it which it deems appropriate, subject only to reversal by this Court. *People* v. *Doris White* (1965), 2 Mich App 104; *People* v. *Wheeler* (1967), 7 Mich App 576.

Defendant would have us reverse this conviction based on the case of *Stovall* v. *Denno* (1967), 388 US 293 (87 S Ct 1967, 18 L Ed 2d 1199), wherein it is stated that due process must be afforded defendants who are placed in lineups, including prevention of surrounding circumstances which might lead to mistaken identification. Review of the circumstances surrounding defendant's appearance in a lineup does not convince us that he was denied any of his constitutional rights. Counsel for defendant erroneously argues that the complainant's first observation of defendant's face took place in the police car and that the second observation took place at the police station, allegedly tainting the subsequent lineup when the positive identification was actually made. Any question in the present mind of counsel as to whether the complainant actually saw the thief before the apprehension by the police officer is ef-

fectively dispelled by reference to the transcript of the trial wherein the complainant responded to questions by defendant's counsel on cross-examination as follows: "Yes sir, I saw his whole face because I hollered at him * * * and I hollered at him and he looked at me." Additionally, on redirect examination, the assistant prosecutor asked, "It was when he was about ten feet away from you that you got a good shot at his face?" and complainant responded, "Right." Further questioning by defendant's counsel and by the court on recross-examination only confirms that the complainant first saw defendant's face at a distance of ten feet after he had jumped back away from complainant. The police officer who arrested the defendant could not have been expected to keep him from the view of the complainant who, in hot pursuit, arrived on the scene shortly after the arrest; complainant's view of the defendant under these circumstances did not constitute a deprivation of due process under *Stovall* v. *Denno, supra.* Defendant's allegation on appeal that there was no evidence at the trial that complainant ever gave a description of the thief to the police or to the court is irrelevant to the issue of a fair lineup.

Affirmed.

All concurred.