PEOPLE v. WILLIS

Larceny—Intent—Evidence.
 Intent to commit larceny may be inferred from evidence that defendant entered a building and removed merchandise from it (MCLA § 750.111).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 July 28, 1970, at Grand Rapids. (Docket No. 8,666.) Decided August 28, 1970.

Melvin Willis was convicted of entering without breaking a business place with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*William N. Bradford,* for defendant on appeal.

Before: Holbrook, P. J., and Fitzgerald and T. M. Burns, JJ.

Per Curiam. On July 23, 1967, defendant-appellant Melvin Willis was arrested in Detroit, Michigan,

---

Reference for Points in Headnote
50 Am Jur 2d, Larceny § 157.

and subsequently charged with entering without breaking a business place with intent to commit larceny, MCLA § 750.111 (Stat Ann 1970 Cum Supp § 28.306). At a non-jury trial, the court found defendant guilty as charged.

At the trial on April 19, 1968, testimony was taken to the effect that defendant was seen entering a market on Twelfth Street in Detroit. The officer who observed defendant at the time and place in question testified that defendant *removed* merchandise from the store. Following the description sent in by the surveiling officer, two other police officers arrested defendant.

On appeal, defendant contends that the prosecution failed to establish the requisite intent to commit larceny necessary for a conviction of the charged crime. While there was never any direct evidence showing intent antedating the entering, the facts and circumstances were sufficient to infer intent, *People* v. *Gollman* (1966), 3 Mich App 463, 466.

There was sufficient evidence, if believed by the court, to find defendant guilty of the charged crime. *People* v. *Doris White* (1965), 2 Mich App 104, 106; *People* v. *Beck* (1969), 17 Mich App 659, 660.

Affirmed.