PEOPLE *v.* FORD

1. SODOMY—PENETRATION.

    Any penetration of the victim's anus, however slight, is sufficient to support a conviction of sodomy (MCLA § 750.159).

2. ROBBERY—ACCESSORY.

    Defendant may be convicted of armed robbery even though there was no evidence that he personally took the stolen item where the defendant was an accessory to the crime (MCLA §§ 750-.529, 767.39).

3. CRIMINAL LAW—APPEAL AND ERROR—JUDGMENT—PREPONDERANCE OF EVIDENCE.

    The judgment of a trial court, sitting without a jury, will not be reversed by an appellate court unless the evidence clearly preponderates against such findings.

Appeal from Recorder's Court of Detroit, Edward S. Piggins, J. Submitted September 1, 1970, at Grand Rapids. (Docket No. 8831.) Decided December 7, 1970.

James Boyer Ford was convicted of armed robbery and sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 48 Am Jur, Sodomy §§ 1, 2.
[2] 46 Am Jur, Robbery § 25.
[3] 5 Am Jur 2d, Appeal and Error §§ 786, 883.

Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Patrick J. Keating,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant seeks leave to take a delayed appeal from nonjury convictions of the crimes of sodomy and armed robbery. Plaintiff moves to affirm the conviction.

Defendant contends that his conviction was erroneous because it was not shown at his trial that the crime of sodomy had been committed. The complaining witness testified that while a razor was held to his throat a penetration of his anus was made by the defendant. This is the principal element of the crime as defined by MCLA § 750.159 (Stat Ann 1962 Rev § 28.356). Evidence as to emission is not necessary. There was, therefore, ample evidence to justify a finding by the trial judge that sodomy had been committed and that defendant had committed such crime.

Defendant contends that he is not guilty of robbery because there was no evidence that he took complainant's wallet. He further contends that he is not guilty of armed robbery because a razor is not *per se* a dangerous weapon. The armed robbery statute, MCLA § 750.529 (Stat Ann 1954 Rev § 28-.797), provides in part:

"Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so

assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years."

Defendant contends that his conviction was invalid because there was no testimony as to whether the razor that was referred to by complainant was a straight razor or a safety razor. Common sense dictates the inference that when the witness testified that defendant held a "razor" to his throat that it was a straight razor. The testimony indicates that during the robbery defendant was armed with a dangerous weapon within the meaning of the statute.

Defendant also argues that the conviction was erroneous because there was no testimony that he took complainant's wallet. It is immaterial who took the wallet. MCLA § 767.39 (Stat Ann 1954 Rev § 28.979) provides that every person concerned in the commission of an offense whether he directly commits the act constituting the offense or procures, counsels, aids or abets in its commission shall be tried and punished as if he had directly committed the offense. The record supports the trial judge's finding that defendant had participated in the armed robbery and was therefore guilty of that offense.

An appellate court will not reverse the judgment of the trial court unless the evidence clearly preponderates against its findings. *People* v. *Szymanski* (1948), 321 Mich 248; *People* v. *Geddes* (1942), 301 Mich 258; *People* v. *Chesbro* (1942), 300 Mich 720; *People* v. *Doris White* (1965), 2 Mich App 104.

The motion to affirm is granted.