PEOPLE v. ORTIZ

LARCENY—EVIDENCE—STOLEN MONEY—LESSER AMOUNT—ADMISSI-
BILITY.

> Admission into evidence at defendant's larceny trial of a lesser
> amount than complainant reported taken was not reversible
> error where the denominations of money found in defendant's
> possession and the denominations reported stolen corresponded
> in a fairly close way (MCLA § 750.337).

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 February 16,
1971, at Grand Rapids. (Docket No. 10624.) De-
cided April 2, 1971.

Israel Ortiz was convicted of larceny from the
person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Leonard Meyers,*
Assistant Prosecuting Attorney, for the people.

*C. Charles Bokos,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and
T. M. BURNS, JJ.

PER CURIAM.   Defendant appeals a jury conviction of the offense of larceny from the person. MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).   The people move to affirm.

The complainant testified at the trial that the following items were taken from him:

"1. A black leather wallet containing pictures of his wife and children and some identification papers.

"2. A used Zippo lighter.

"3. A 1950 Time Capsule book.

"4. A paperbag containing crackers, sardines, and Budweiser beer.

"5. About 1/2 pack of Pall Mall cigarettes.

"6. Three old coins; specifically, 1—1925 U. S. silver dollar, 1—English half-penny and 1—Korean 1-cent piece.

"7. Three $20 bills.

"8. Four or five U. S. $1 bills. (As to the number of $1 bills taken complainant testified 'I can't really recall. I think there was four or five, something like that.')

"9. An undetermined number of quarters and nickels."

When apprehended and searched the defendant and his associates had in their possession the following items:

1. A black leather wallet containing pictures of the complainant's wife and children and identification papers.

2. A used Zippo lighter.

3. A 1950 Time Capsule book.

4. A paperbag containing crackers, sardines, and Budweiser beer.

5. Two packs of Pall Mall cigarettes.

6. Three old coins, including 1—1925 U. S. silver dollar, 1—English half penny and 1—Korean 1-cent piece.

7. Three $20 bills.

8. Three U. S. $1 bills. (There was no evidence of any quarters or nickels being found on the persons arrested.)

The complaining witness testified at trial that three $20 bills and four or five $1 bills were taken from him by his assailants. Defendant claims that the admission into evidence of a lesser amount, three $20 bills and three $1 bills, constituted reversible error.

In *People* v. *Cybulski* (1968), 11 Mich App 244, and *People* v. *Jones* (1969), 18 Mich App 368, this Court found under similar circumstances that the admission of such an amount of money was proper. The Court stated that where the denominations of the money found and the money taken correspond in a fairly close way the fact of the finding of that specific money would have probative value and be relevant because the money found is fairly marked as identical with the money taken. The admission into evidence of three $20 bills and the three $1 bills was proper in this case.

It should be noted also that even if the money in question were found to be inadmissible there was ample evidence to justify a verdict of guilty of the crime charged.

Affirmed.