# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
September 10, 2015

Plaintiff-Appellee,

v

No. 321639
Wayne Circuit Court
LC No. 13-011389-FC

JOSEPH DAVID OWENS,

Defendant-Appellant.

Before: TALBOT, C.J., and WILDER and FORT HOOD, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84. Defendant was sentenced to 23 months to 10 years' imprisonment. He appeals as of right. We affirm.

Defendant first argues that he was convicted based on evidence that failed to establish his guilt beyond a reasonable doubt. In doing so, defendant seems to assert both that his conviction was based on insufficient evidence and that that the jury's verdict was against the great weight of the evidence. Specifically, defendant contends that his identity as the perpetrator of the offense was not proven beyond a reasonable doubt. We disagree and conclude that the prosecution sustained its burden of proof under both standards.

Challenges to the sufficiency of the evidence are reviewed de novo to "determine whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt." *People v Russell*, 297 Mich App 707, 721; 825 NW2d 623 (2012) (citation omitted). "This Court reviews the evidence in the light most favorable to the prosecution." *Id*.

Generally, "[w]e review for an abuse of discretion a trial court's grant or denial of a motion for a new trial on the ground that the verdict was against the great weight of the evidence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). However, defendant failed to raise this issue in a motion for a new trial, thus our review is limited to plain error that affected his substantial rights. *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). A verdict is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *Lacalamita*, 286 Mich App at 469.

-1-

The elements of assault with intent to do great bodily harm less than murder, MCL 750.84, are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault) and (2) an intent to do great bodily harm less than murder." *Russel*, 297 Mich App at 721. "[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Therefore, it is axiomatic that the prosecution must prove the identity of the defendant as the perpetrator of the charged offense beyond a reasonable doubt. See *Russell*, 297 Mich App at 721. "The credibility of identification testimony is a question for the trier of fact . . . ." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

We conclude that the evidence sufficiently established defendant's identity as the perpetrator of the assault beyond a reasonable doubt. *Russell*, 297 Mich App at 721. The complainant testified that he was hit by a pipe. Seconds after he was hit, the complainant grabbed the pipe from his assailant, whom he identified as defendant at trial. Based on this testimony, a rational jury could reasonably infer that the individual from whom the complainant grabbed the pipe was, in fact, the individual who struck him with the pipe. Circumstantial evidence and reasonable inferences arising from that evidence may constitute proof of the elements of the crime. *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). Further, the complainant identified his assailant as defendant in court, without hesitation. The complainant's testified that he got "a good look" at the assailant and saw him "face to face" when he grabbed the pipe out of his hands, describing him as an "older guy" in his forties or fifties with a beard.[1] This testimony supports the complainant's identification of defendant as the individual who struck him with the pipe, especially because the other two assailants involved in the altercation were younger, in their twenties, and defendant was the only "older" assailant involved. Defendant attempted to discredit the complainant's identification testimony through cross-examination, but whether the complainant was mistaken about who struck him with the pipe presents a matter of credibility for the jury to resolve. This Court will not interfere with the jury's role to determine the weight of the evidence or the credibility of witnesses in evaluating the sufficiency of the evidence. *Id.*

For the same reasons, we further conclude that the verdict was not against the great weight of the evidence because defendant has failed to demonstrate that the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand. *Lacalamita*, 286 Mich App at 469. While defendant denied striking the complainant with the pipe and presented testimony that corroborated his claim, the complainant testified that defendant was the assailant, as discussed above. "Conflicting testimony, even when impeached to some extent, is an insufficient ground for granting a new trial." *Id.* at 469-470 (citation omitted). Accordingly, defendant has failed to demonstrate plain error affecting his substantial rights. *Cameron*, 291 Mich App at 617.

Defendant next claims that the evidence was insufficient to support his conviction because the prosecution failed to disprove his claim of defense of others. We disagree.

---

[1] Although it was "nighttime," the home's back sensor light and the back porch light were on and the altercation occurred "maybe five feet" from sensor light.

At trial, defendant claimed that he was acting in defense of his son, J.D. If defendant acted in lawful defense of another, his actions are justified and no criminal conviction will result from the otherwise criminal act. *People v Orlewicz*, 293 Mich App 96, 110; 809 NW2d 194 (2011); MCL 780.972(2). Once a defendant has introduced evidence of self-defense or defense of others, "the prosecution bears the burden of disproving it beyond a reasonable doubt." *People v Fortson*, 202 Mich App 13, 20; 507 NW2d 763 (1993). In accordance with MCL 780.972(2),[2] the trial court in the instant case provided instruction on the use of non-deadly force in defense of others, M Crim JI 7.22, which provides that defendant could use force to defend his son under the following circumstances: (1) at the time he acted, defendant must not have been engaged in the commission of a crime, (2) when he acted, defendant honestly and reasonably believed that he had to use force to protect his son from the imminent, unlawful use of force by another, (3) defendant must have used force that was appropriate to the attack, i.e., the degree of force that seemed necessary at the time to protect his son from danger, (4) defendant only used force during the time it seemed necessary for the purpose of protection, and (5) defendant did not act wrongfully and bring on the assault.

Viewing the testimony in a light most favorable to the prosecution, there was sufficient evidence to negate defendant's claim that he acted in defense of his son. Although there was some evidence to support defendant's theory that he acted in lawful defense of his son, a rational trier of fact could also reasonably conclude that defendant was not acting in lawful defense of his son. Testimony at trial established that J.D. called defendant and informed defendant that he was going to confront the complainant at a friend's house over a dispute. Once he reached that location, defendant's son provoked and attacked the complainant with a metal pipe, striking him in the head more than once. The complainant then tackled J.D., got on top of him, and held him down. Defendant arrived and saw complainant holding J.D. down and attacked complainant. From this testimony, viewed in a light most favorable to the prosecution, a rational juror could reasonably infer that defendant was aware his son planned to confront complainant and went to the location to assist him, as the prosecution contended. In addition, there was evidence to show that defendant's son was the initial aggressor and the complainant was acting lawfully in self-defense. While defendant contends that he was unaware that J.D. was the aggressor when he arrived at the scene of the altercation, evidence was presented that defendant was aware J.D. planned to confront someone and the evidence further established that the complainant was clearly injured when defendant arrived. Thus, it was reasonable for the jury to find that defendant did not act in lawful defense of J.D.

Accordingly, we conclude that sufficient evidence exists to support defendant's conviction of assault with intent to do great bodily harm, notwithstanding defendant's claim that he acted in lawful defense of his son. It is apparent from the verdict that the jury did not believe

---

[2] The self-defense act (SDA), MCL 780.971 *et seq*., codified the circumstances in which a person may use force in defense of another without having a duty to retreat. *People v Dupree*, 486 Mich 693, 708; 788 NW2d 399 (2010).

defendant's claim that he acted in lawful defense of his son and we must defer to the jury's role as the sole judge of the facts when reviewing the evidence. *Bennett*, 290 Mich App at 472.

In his supplemental brief, defendant argues that the trial judge's bias and impartiality denied him a fair trial.[3] Because defendant failed to raise a claim of judicial bias in the trial court, his claim is unpreserved. *People v Jackson*, 292 Mich App 583, 597; 808 NW2d 541 (2011). We review unpreserved claims of error for plain error affecting substantial rights. *Id.*

"A criminal defendant is entitled to a neutral and detached magistrate." *Id.* (citation and quotation omitted). "If the trial court's conduct pierces the veil of judicial impartiality, a defendant's conviction must be reversed." *Id.* at 598 (citation and quotation omitted). Although "a trial judge has wide discretion and power in matters of trial conduct," a trial court pierces the veil of judicial impartiality when its conduct or comments are "of such a nature as to unduly influence the jury and thereby deprive the appellant of his right to a fair and impartial trial." *Id.* (citations and quotation marks omitted). Further, a judge's opinion formed during the trial process is not a valid ground for alleging bias "unless there is a deep-seated favoritism or antagonism such that the exercise of fair judgment is impossible." *Id.* (citations and quotation marks omitted). "A defendant claiming judicial bias must overcome a heavy presumption of judicial impartiality." *Id.* (citation and quotation omitted).

Defendant claims that he is entitled to a new trial because the trial judge accepted the guilty plea of his codefendant (his son, J.D.), and, thus, should have disqualified himself from presiding over defendant's trial.[4] This Court, however, in *People v Rider*, 93 Mich App 383; 286 NW2d 881 (1979) addressed this issue, concluding:

> Defendant claims that the trial court denied the defendant his right to an impartial trier of fact when it did not disqualify itself *sua sponte* from conducting a bench trial of the defendant after accepting a guilty plea of his codefendant . . . that implicated him in the offense.
>
> We disagree with the defendant. With a very similar fact situation in the case of *People v Chesbro*, 300 Mich 720; 2 NW2d 895 (1942), our Supreme Court ruled that where prejudice or bias is the reason alleged for disqualifying a judge, there must be prejudice or bias in fact, and it can never be based solely upon a decision in the due course of judicial proceedings. We find no prejudice or bias in fact has been shown by the defendant. [*Rider*, 93 Mich App at 388.]

---

[3] Defendant's supplemental brief was filed pursuant to his motion filed with this Court. See *People v Owens*, unpublished order of the Court of Appeals, entered March 4, 2015 (Docket No. 321639).

[4] We address the merits of this issue assuming the judge who presided over defendant's trial also accepted J.D.'s plea.

In this case, defendant's claim is based solely on the assumption that the trial court became biased against him after taking J.D.'s guilty plea, warranting disqualification as a matter of law. However, that fact, in and of itself, cannot establish judicial bias or partiality warranting disqualification. *Id*. Instead, a defendant must demonstrate actual bias or prejudice to disqualify a judge from presiding over a trial where the judge accepted a codefendant's guilty plea. *Id*. Here, defendant does not allege that the trial judge harbored any actual bias or prejudice against him nor does the record reveal that the trial judge might have prejudged the case due to his role in accepting J.D.'s guilty plea. Thus, defendant has failed to overcome the heavy presumption of judicial impartiality or establish plain error that affected his substantial right to a fair and impartial trial. *Jackson*, 292 Mich App at 597-598.

Defendant next argues in his supplemental brief that he was denied the effective assistance of counsel. To preserve a claim of ineffective assistance of counsel, a defendant must make a motion for a new trial or an evidentiary hearing with the trial court. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). Defendant never moved for a new trial or a *Ginther*[5] hearing in the trial court. When an ineffective assistance of counsel claim is unpreserved, "this Court's review is limited to mistakes apparent from the record." *Id.*

"To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013), citing *People v Armstrong*, 490 Mich 281, 289-290; 806 NW2d 676 (2011). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Nix*, 301 Mich App at 207. Defendant also bears the burden of establishing the factual predicate for his claim. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant first asserts that his trial counsel was ineffective for failing to adequately investigate his defense. "Trial counsel is responsible for preparing, investigating, and presenting all substantial defenses . . . ," meaning defenses that may have affected the outcome of the trial. *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009). The failure to conduct an adequate investigation constitutes ineffective assistance if it undermines the confidence in the outcome of the trial. *Russell*, 297 Mich App at 716.

Defendant contends that his trial counsel failed to properly investigate his defense by failing to ask defendant to relay the events underlying the charges, to interview key eyewitnesses, and/or to examine any statements or evidence before trial. However, defendant asserts only vague allegations relating to these failings, thus failing to establish a factual predicate for his claim. *Carbin*, 463 Mich at 600. Defendant also fails to specify how these alleged failings affected the outcome of his trial. *Chapo*, 283 Mich App at 371. Further, our review of the record revealed that defendant's trial counsel was aware of, pursued, and adequately presented defendant's theory that he did not strike the complainant with a pipe and/or acted in defense of his son.

---

[5] See *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Defendant next asserts that his trial counsel was ineffective for failing to call Carmella Bruno to testify on his behalf. Defense counsel's choices "regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, which we will not second-guess with the benefit of hindsight." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004) (internal quotation marks and citation omitted). "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *Id*.

In support of his claim, defendant cites Bruno's preliminary examination testimony in the case against his son and codefendant to support his claim that his trial counsel should have called Bruno as a witness. This testimony, although recited in defendant's affidavit appended to his supplemental brief, is not part of the lower court record of defendant's case. Again, our review is limited to the mistakes apparent on the record. *Heft*, 299 Mich App at 80. In addition, defendant fails to explain how Bruno's testimony would assist him or how his trial counsel's failure to call Bruno deprived defendant of a substantial defense. *Carbin*, 463 Mich at 600; *Dixon*, 263 Mich App at 398. Further, it is evident from our review that trial counsel vigorously pursued and presented defendant's theory that he did not strike the complainant with the pipe and acted in defense of his son. We additionally note that the record indicates that Bruno was subpoenaed to testify at trial but did not appear, and thus any attempt by defense counsel to call her as a witness would likely have been futile.

Finally, defendant asserts that his trial counsel was ineffective for failing to attend his arraignment and the preliminary examination. Defendant fails to specify how arranging for substitute counsel to represent defendant at the preliminary examination or his arraignment fell below an objective standard of reasonableness or prejudiced him in any way. *Nix*, 301 Mich App at 207. Moreover, defendant's express approval of the use of a substitute counsel at the preliminary examination constitutes a waiver of his claim that his counsel should not have sent substitute counsel. See *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000); *People v Fetterley*, 229 Mich App 511, 520; 583 NW2d 199 (1998).

Accordingly, we conclude that defendant's assertion that he was denied the effective assistance of counsel lacks merit, and for that reason we decline to remand for an evidentiary hearing regarding his claim. MCR 7.211(C)(1)(a).

Affirmed.

/s/ Michael J. Talbot
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood

-6-