## THE STATE OF IOWA v. TENNERY.

1. CODE CONSTRUED: INDICTMENT. Sections 2598–2602, considered and construed, with reference to the sufficiency of an indictment for arson.

*Appeal from Jones District Court.*

THURSDAY, OCTOBER 27.

The indictment contains two counts. The first charges that defendant did, in a certain store of one Hervey, situate, &c., on, &c., feloniously, wilfully, &c., set fire to a great amount of shavings, &c., with intent then and there feloniously, &c., to cause the said store of said Hervey to be burnt, &c. The second charges that the fire was set in a room

within a store building of the value, &c., of one Hervey, with intent then and there to cause, &c.

Upon the trial it was shown that Hervey was the owner in fee of the premises named; that there were four rooms in the house, two of which were occupied by the said Hervey, and two by one Pease, under a lease from Hervey; that there was no communication between the rooms occupied by said Pease, that the building was frame, and the fire was set in one of the rooms occupied by the tenants.

Defendant claimed that the testimony did not sustain the indictment, in that the fire was set in the room occupied by Pease, and therefore not in the store building of Hervey, as charged. An instruction to this effect was refused, and this refusal is the error relied upon by the defendant, who appeals.

*Smyth, Young & Smith*, for the appellant, relied upon Whart. Cr. Law. 625 and 626; *Ritchie*, v. *The State*, 7 Black. 168; *The People* v. *Gates*, 15 Wend. 159.

*S. A. Rice*, Attorney General, for the State, cited sections 2602 and 2603 of the Code of 1851.

WRIGHT, C. J.—Sections 2598 to 2602, inclusive, provide for the punishment of those who shall, in the day or night time, set fire to and burn, inhabited or uninhabited buildings, &c.—these being described as dwelling houses, stores, warehouses, mills, manufactories, barns, stables, (with others,) or any building whatever, the same being owned by the person burning, or another, or of another. Then section 2603 provides that if any person shall set fire *to any of these buildings, or to any material with intent to cause the same to be burnt*, he shall be punished, &c.

This indictment was for setting fire to certain material, with intent to burn a building then occupied. If the case stood alone upon the first count, there might be great doubt whether the proof sustained the charges. Giving to the word *store*, as there used, its usual signification, the reasona-

ble construction of the pleading would be that the fire was set in the store—that is, the store room occupied by Hervey. And this would not be sustained by proof that it was set in the store of another, in the same building. Conceding the rule, however, contended for by appellant, that under our statute this is an offence, as at common law, to the possession, we think the language of the second count meets the proof. It is there charged that the fire was applied in a room, *within* a store building of said Hervey, and not in his store. If Hervey owned the building and occupied a part of the same, and the fire was set in a room of the same building, occupied by another, with intent to burn the store of such owner, the pleader would be justified in stating the charge, as was done in the case. It could make no difference that the material and necessary consequence of the act, was to injure and destroy at the same time, the possession of the tenant.

Judgment affirmed.