## THE PEOPLE v. ALBERT FAIRCHILD.

*Arson—Statutory crimes of burning—Comp. L. § 7552.*

Comp. L. § 7552, describes two distinct offenses, one of which is the burning of another dwelling and the other the setting fire to some building whereby another's dwelling has been burned. An information for arson under this statute must set forth the facts with such particularity that it shall judicially appear which offense has been committed.

An information for burning a dwelling-house by setting fire to another building whereby the dwelling is burned should set forth the firing of the one building, and that by means of the burning of such building the particular dwelling-house was burned.

Under Comp. L. § 7552, which describes the distinct offenses of *burning* the *dwelling* of another and of *setting fire* to a *building* whereby another's *dwelling* has been burned, an information charging respondent with *setting fire* to the *dwelling-house* describes an offense of the first class notwithstanding the use of the words "set fire to," which words have been long appropriated to common-law indictments.

Where a building, consisting of an upright and a lean-to, belonged to one person, but the upper story of the upright was let to one tenant who used it as a dwelling and who reached it by an outside flight of stairs, and the rest of the building was let to another tenant who used it as a store, an information for burning that portion occupied as a dwelling, where the fire was in fact started in the lean-to, is

fatally defective under Comp. L. § 7552, if it alleges that respondent. set fire to and burned the *dwelling;* the offense charged belongs to the first class described in the statute, being the burning of another's dwelling, while the facts alleged constitute an offense of the second class, which is that of setting fire to another building and the burning of a dwelling in consequence.

Arson is an offense against the habitation and affects possession rather than property, and an information therefor is sufficiently exact if it describes the dwelling-house as that of the occupant.

Where the upper and lower stories of a building are respectively occupied by different tenants as a dwelling and as a store and there is no mode of interior communication, the dwelling is not parcel of the store so that if burned by setting fire to the store the offense can be punished as if it were a burning of the dwelling. Comp. L. § 7552.

A person charged with arson is also charged with being personally present where he could commit the offense; and on a plea of not guilty the prosecution have the burden of proving the fact beyond reasonable doubt, whether the doubt arise from a defect in the evidence for the prosecution or from the impression produced by the evidence for the defense.

Where a plea of not guilty is interposed to an information for arson the jury must acquit if on the whole evidence they have a reasonable doubt as to any material fact covered by the essential averments, including the actual participation of the accused.

Error to Mecosta. Submitted Jan. 25. Decided April 5.

INFORMATION for arson. Respondent brings error. Reversed.

*W. W. Carpenter* for plaintiff in error. An information for a statutory offense must describe it so as to identify it: *Hall v. People* 43 Mich. 417; *Merwin v. People* 26 Mich. 300; *People v. Marion* 28 Mich. 257; *Chapman v. People* 39 Mich. 359; a man charged with burning a building cannot be convicted of procuring it to be burned, under that information: *Meister v. People* 31 Mich. 110; there can be no conviction of a statutory offense unless its statutory elements are proven: *People v. Chappell* 27 Mich. 488; *People v. Nolan* 22 Mich. 229; *Mason v. People* 26 N. Y. 203; *Brown v. People* 29 Mich. 236.

Attorney General *Jacob J. Van Riper* for the People. A shed or lean-to, being within the curtilage, is part of the

dwelling, though unconnected: *Pitcher v. People* 16 Mich. 142.

GRAVES, C. J.   Fairchild was convicted of arson and sentenced to imprisonment for life and the proceedings have been brought up by writ of error for revision.

The information charged that "Albert Fairchild, late of the village of Morley in said county of Mecosta, heretofore, to-wit: on the 16th day of February, A. D. 1880, about the hour of 5 o'clock in the night-time of the same day, with force and arms at the village aforesaid.in the county aforesaid, the dwelling-house of one James Myers there situate, feloniously, willfully and maliciously did set fire to and burn, contrary to the statutes in such case made and provided," etc.

The information was framed on Comp. L. § 7552, but that section describes two offenses.   The first, where any person shall willfully and maliciously burn in the night-time the dwelling-house of another.   The second, where any person in the night-time shall willfully and maliciously set fire to any other building owned by himself or another, by the burning whereof such dwelling-house shall be burnt in the night-time.   The two offenses differ in their ingredients. The first is where the burning is of the dwelling-house of another, and which burning is a consequence of the firing of the same house or of things which the law deems for the purpose of the offense as belonging to the same house.   The second is where the burning of the dwelling-house is a consequence of the setting fire to some other building owned by the accused or by another.

Now according to the settled doctrine of pleading in such cases the special manner of the whole fact is to be set forth with such particularity and certainty that the offense may judicially appear to the court.   And it is therefore the practice in laying the last-mentioned offense to set forth the firing of the one building, and that by means of the burning of such building the particular dwelling-house was burnt. We adopted the description of the offense from Massachu-

setts (R. S. Mass. [1836] ch. 126 sec. 1) and her tribunals have assumed that the charge is accurately preferred in that mode. *Com. v. Wade* 17 Pick. 395 ; *Com. v. Cain* 102 Mass. 487; *Com. v. Tucker* 110 Mass. 403. So obvious is the need of such pleading and so well acknowledged that it is doubtful whether any express decision upon the very point can be found.

Recurring to the record and applying what has been said to the terms of the accusation it is certain that the charge is not based on the second provision. The group of words made use of does not express the offense described there, but something else. What that is, however, is not at all doubtful. The description of the charge applies to the offense specified in the first passage of the statute. The averments accurately fit the case where the dwelling-house of another is burnt by means of an immediate firing.

The introduction of the words " set fire to " which occur in the second branch of the statute and do not occur in the first, affords no ground for assigning the charge to the former branch. They have been long appropriated to indictments under the common law (3 Chitty Cr. L. 1127 ; 3 Greenleaf's Ev. § 51; 2 Bishop Cr. Pro. § 46); and their use here is perfectly consistent with the theory that the accusation is framed on the first clause of the statute.

The purpose of this examination has been to fix the legal nature of the charge and disclose the precise case to be the subject of evidence, and the result is that the crime actually imputed and for which the plaintiff in error was liable to be tried is the crime of burning described in the first branch of the statute, and the proceedings must be tested by the rules of law applicable thereto.

The first and material question is whether the evidence was consistent with the charge. We have before us all that was given concerning the ownership and occupancy, and in regard to the place where the fire was set or started. The evidence speaks of two structures and distinguishes one from the other. The first a main building or upright, the second a low shed or lean-to. The general title or reversion

was in Nelson Pike. But the entire lower part of the upright and the whole lean-to were under lease to Hansen Brothers, and were by them actually occupied—the lower part of the main building as a grocery store, and the lean-to as a store-room in connection with the other. The second story of the upright was under lease to James Myers, the person named in the information as owner of the dwelling burned, and was in his actual occupation as a dwelling-house. The portion of the upright so held and occupied by him was reached by a flight of stairs on the outside running from the ground to a platform on which a door opened from his apartments. The platform extended over the lean-to and as far as the eaves. The right and occupancy of Myers was entirely distinct from the right and occupancy of Hansen Brothers. Their holdings were completely separate. There was no evidence that Myers' apartments were accessible in any other way than by the outside flight of stairs, and no evidence that there existed any interior communication between his premises and the premises of Hansen Brothers or between the upper apartments of the main building and the lean-to.

The fire started or was set in the lean-to and it was "by the burning whereof" that Myers' apartments were burned. In regard to these facts the record is certain. No room is left for any inference of a different drift. Admitting the case thus made by the prosecution to be true, is it the case charged? Does it show that the act of firing which eventuated in the burning of Myers' dwelling-house was an act committed on the same house? or on the other hand does it show that the act of firing was committed on "another building" "by the burning whereof" Myers' dwelling-house was "burnt." If the last alternative is affirmed the first is excluded, and the necessary result is that the case proved was vitally different from the case alleged.

We held in *Snyder v. People* 26 Mich. 106 that arson is an offense against the habitation and regards the possession rather than the property, and that the dwelling-house is *his* dwelling-house who occupies it, whoever may hold the gen-

eral title, and should be described accordingly. The impli-
cation is very clear that any structure which is absolutely
beyond the bounds of such occupancy and is held and occu-
pied by another and is not connected by any interior com-
munication is not parcel of the other in any sense to warrant
saying that a firing of the latter constitutes a firing of the
former. The authorities support this implication if they do
not go much further. *State v. Toole* 29 Conn. 342; *Com.
v. Wade* supra; *State v. Tennery* 9 Iowa 436; *Rex v. Eggin-
ton.* 2 B. & P. 508; *Rex v. Gibson* 1 Leach (4th ed.) 357;
*Glandfield's Case* 2 East P. C. 1034; *People. v. Gates* 15
Wend. 159; 2 Bishop Crim. Pro. § 38; Bishop Statutory
Crimes §§ 280, 282, 283, 285, 287, and authorities cited;
2 East P. C. 508, 494; Hale P. C. 557, 558; 4 Bl. Com.
225, 226.

The conclusion is obvious and unavoidable. The act of
firing in the case before us was committed on the lean-to;
and applying the law to the facts we see that the lean-to
was "another building," and therefore that the concurrence
of the two facts made necessary by the charge, namely, a
firing AND burning of the same dwelling-house, was not only
left unproved; it was plainly disproved.

The point was distinctly presented by the fourth request
to charge and was overruled by the court. This was error.
The variance was fatal. The charge that the court actually
gave discloses an error which the counsel has failed to notice,
and some of the court think that neither of the exceptions
applies to it. It may be expedient however to refer to it.
We gather from the instructions that the plaintiff in error
claimed that he was at another place at the time of the fire;
and that evidence was adduced before the jury on that ques-
tion. The circuit judge in submitting that subject repre-
sented it as a distinct defence which the plaintiff in error
was bound to make out by a preponderance of evidence.
There are some decisions which countenance this view, but
the law is otherwise in this State and generally where the
common law prevails.

When the accused was charged with the commission of this offense he was charged with having been personally where he could commit it; and on the plea of not guilty this subcharge became a part of the case which the prosecution was bound to make out by the same degree of proof as any other part. The nature of the defence could not relieve the prosecution from the duty of proving the whole charge beyond reasonable doubt; and it could make no difference whether the doubt, in case of there being one, should arise from a defect of evidence on the part of the prosecution or from the impression made by evidence for the defendant.

If on the whole evidence under the plea of not guilty the jury entertain a reasonable doubt in respect to any material fact embraced by the essential averments (and of which one is that the defendant participated in the act of which he is accused), there must be an acquittal. Whart. on Crim. Ev. § 333. The other objections noticed in the record are not important.

The judgment should be reversed and a new trial granted, and the plaintiff in error should be delivered to the sheriff of Mecosta county to await such further legal proceedings as shall be necessary.

The other Justices concurred.