## PEOPLE *v.* BEAUDOIN.

1. CRIMINAL LAW—CHECKS—INSUFFICIENT FUNDS—INTENT TO DE-
FRAUD.

The statute which prohibits the drawing of insufficient funds
checks contains the language "with intent to defraud," and in-
tent to defraud is an element of the crime of drawing a check
not having sufficient funds to pay it (CL 1948, § 750.131, as
amended by PA 1962, No 65).

2. SAME—INTENT TO DEFRAUD—EVIDENCE.

Record which contains no proof of defendant's intent to defraud,
*held,* not to establish that the crime of drawing and uttering
an insufficient funds check was committed (CL 1948, § 750.131,
as amended by PA 1962, No 65).

3. DISTRICT AND PROSECUTING ATTORNEYS—INSUFFICIENT PROOFS.

Prosecuting attorney, upon recognition of the lack of proof of
intent to defraud at the close of proofs in a prosecution for
drawing and uttering an insufficient funds check, should either
move to reopen proofs to correct the deficiency or move to *nolle
prosequi,* depending on available proof (CL 1948, § 750.131, as
amended by PA 1962, No 65).

4. SAME—LACK OF EVIDENCE—CONFESSION OF ERROR.

Prosecuting attorney, upon recognizing lack of proof of intent
to defraud in transcript of trial for uttering insufficient funds
check, had an obligation to confess error and request the ap-
pellate court to correct it rather than ignoring the error by not
participating in defendant's appeal (CL 1948, § 750.131, as
amended by PA 1962, No 65).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 32 Am Jur, Larceny §§ 29, 30, 36–42.
Reasonable expectation of payment as affecting offense under
"worthless check" statutes. 9 ALR3d 719.
[2, 4] 32 Am Jur, Larceny § 127.
[3] 21 Am Jur 2d, Criminal Law §§ 512–519.
[5, 6] 53 Am Jur, Trial §§ 1131, 1142.

5. TRIAL—CRIMINAL—NONJURY CASES—JUDGE—FINDINGS OF FACT.
   Trial judge is required to make findings of fact in cases tried
   by a judge without a jury, criminal as well as civil (GCR 1963,
   517.1, 785.1 [1]).

6. SAME—FINDINGS OF FACT—NONJURY CASES.
   It is reasonable to assume that the trial judge would have recog-
   nized the deficiency in proof of intent to defraud in a prosecu-
   tion for uttering an insufficient funds check, had he complied
   with the court rule by making findings of fact in a nonjury
   trial (CL 1948, § 750.131, as amended by PA 1962, No 65;
   GCR 1963, 517.1, 785.1 [1]).

Appeal from St. Clair; Streeter (Halford I.), J.
Submitted Division 2 May 3, 1967, at Lansing.
(Docket No. 1,855.) Decided July 20, 1967.

Thomas Beaudoin was convicted of uttering an
insufficient funds check. Defendant appeals. Re-
versed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *James T. Corden*,
Prosecuting Attorney, and *John G. Cummings*,
Assistant Prosecuting Attorney, for the people.

*Thomas Beaudoin, in propria persona.*

QUINN, J. November 9, 1965, defendant was
tried before the circuit judge without a jury and
found guilty of violating CL 1948, § 750.131, as
amended by PA 1962, No 65 (Stat Ann 1965 Cum
Supp § 28.326).[1] He appeals *in propria persona*

---

[1] Any person who, with intent to defraud, shall make or draw or
utter or deliver any check, draft or order for the payment of money,
to apply on account or otherwise, upon any bank or other depository,
knowing at the time of such making, drawing, uttering or delivering,
that the maker, or drawer, has not sufficient funds in or credit with
such bank or other depository, for the payment of such check, draft,
or order, in full, upon its presentation, or any person who, with the
intent to defraud, shall make, draw, utter or deliver any check, draft
or order for the payment of money to apply on account or otherwise,

and poses as one question for review, "Was a crime committed?" In view of the record which contains the answer to this question, we find the simplicity of the question refreshing and treat it as an accurate statement of the controlling issue, namely: does the record establish that a crime was committed?

The statute contains the language "with intent to defraud," and since the record contains no proof of such intent, the answer to this question is in the negative. Such answer requires reversal and obviates discussion of the other issues raised.

Normally, we would end here but the fact that the deficiency of required proof is so evident that the defendant *in propria persona* recognized it and raised the question for review and the fact the prosecuting attorney filed no brief in the case leads to only one conclusion, namely: the prosecuting attorney recognized the same deficiency. While we feel the prosecuting attorney should have recognized the lack of proof of intent to defraud at the close of proofs and either moved to reopen proofs to correct the deficiency or moved to *nolle prosequi,* depending on available proof, we are not prepared to say such recognition occurred before the transcript of the trial was examined. Then, however, the prosecuting attorney had an obligation to confess the error and request this Court to correct it rather than ignoring it by not participating in this appeal.

---

upon any bank or other depository and who shall not have sufficient funds for the payment for same when presentation for payment is made to the drawee, except where such lack of funds is due to garnishment, attachment, levy, or other lawful cause, and such fact was not known to the person who made, drew, uttered or delivered the instrument at the time of so doing, shall, if the amount payable in the check exceeds $50, be guilty of a felony, punishable by imprisonment in the county jail not more than 1 year or by a fine of not more than $500.

In cases tried by a judge without a jury, GCR 1963, 517.1 requires the judge to make findings of fact. This rule applies to criminal as well as civil trials. GCR 1963, 785.1(1). If the trial judge had complied with GCR 1963, 517.1 instead of merely pronouncing defendant guilty as charged, it seems reasonable to assume he would have recognized the deficiency in proof that requires this reversal.

Reversed.

Lesinski, C. J., and Gilmore, J., concurred.