PEOPLE v THOMAS

Opinion of the Court

1. Rape—Evidence—Appeal and Error—Witnesses—Credibility.

Evidence was sufficient to support convictions for rape where defendants admitted that they had intercourse with the prosecutrix and testified that it was voluntary on her part, the only contested element was whether such intercourse was "by force and against her will", the testimony of the prosecutrix that she was hit, choked and threatened into submission, if believed, provided sufficient evidence to conclude that the intercourse was against her will and that she resisted to the utmost of her ability under the circumstances, and the trial judge, who was in far better position than the Michigan Supreme Court to determine the credibility of the witnesses at the nonjury trial, obviously believed her version to be true beyond a reasonable doubt (MCLA 28.788).

References for Points in Headnotes

[1]  44 Am Jur, Rape §§ 7, 8.
[2]  20 Am Jur 2d, Courts § 86.
[3]  53 Am Jur, Trial §§ 1004, 1005.
[4]  53 Am Jur, Trial § 1005.
[5]  53 Am Jur, Trial § 747 et seq.
[6, 7]  53 Am Jur, Trial § 1133.

2. CRIMINAL LAW—CIVIL ACTIONS—COURT RULES.
   A General Court Rule does not apply to criminal cases when it
   clearly appears that it applies to civil actions only (GCR
   1963, 785.1[1]).

3. CRIMINAL LAW—CIVIL ACTIONS—COURT RULES—FINDINGS OF FACT.
   Historical and policy considerations lead to the conclusion that
   the court rule which provides that, in all actions tried upon
   the facts without a jury or with an advisory jury, the court
   shall find the facts specially and state separately its con-
   clusions of law thereon and direct the entry of the appropriate
   judgment, should apply only to civil actions (GCR 1963,
   517.1).

4. CRIMINAL LAW — CIVIL ACTIONS — GENERAL VERDICTS — SPECIAL
   VERDICTS—COURT RULES.
   Only a general verdict has been allowed in jury-tried criminal
   cases, although it was recognized early in Michigan juris-
   prudence that complex questions of fact and law in civil cases
   frequently require special verdicts (GCR 1963, 514).

5. CRIMINAL LAW—VERDICT OF GUILTY—PROOF—APPEAL AND ERROR.
   The verdict of guilty necessarily encompasses a finding against
   the defendant on every element of the crime; if sufficient
   proof does not exist from which the trier-of-the-fact could
   find every element of the crime beyond a reasonable doubt,
   a conviction will be reversed, regardless of whether a judge
   renders the judgment or a jury brings in the verdict.

6. CRIMINAL LAW—SPECIAL FINDINGS OF FACT—APPEAL AND ERROR
   —COURT RULES.
   No special findings of fact are required in judge-tried criminal
   cases; special findings may be made upon request and, in
   complex cases, trial courts are encouraged to make special find-
   ings where it appears such findings would aid appellate courts
   in the event of an appeal (GCR 1963, 517.1).

## DISSENTING OPINION

T. M. KAVANAGH, C. J., and T. G. KAVANAGH and SWAINSON, JJ.

7. CRIMINAL LAW—CIVIL ACTIONS—COURT RULES—FINDINGS OF FACT.
   *The court rule which provides that, in all actions tried upon the
   facts without a jury or with an advisory jury, the court shall
   find the facts specially and state separately its conclusions of
   law thereon and direct the entry of appropriate judgment,
   should apply to both civil and criminal cases and should be
   vigorously applied (GCR 1963, 517.1).*

Appeal from Court of Appeals, Division 1, V. J. Brennan, P. J., and J. H. Gillis and O'Hara, JJ., denying application for delayed appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted December 8, 1971. (No. 6 December Term 1971, Docket No. 52,979.) Decided May 4, 1972.

James L. Thomas and Ben Palmore were convicted of rape. Delayed application for leave to appeal to the Court of Appeals, by defendant Thomas, denied. Defendant Thomas appeals. Trial court affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Robert L. Friedman,* for defendant Thomas.

ADAMS, J.

## I

On September 28, 1968, Brenda Dimbo, age 18, was picked up by defendants Thomas and Palmore as she was walking home late at night. She was crying, having had a fight with her boy friend. She was driven to Thomas' apartment where she had intercourse with the two defendants.

They testified that Brenda voluntarily entered the car and the apartment and voluntarily engaged in intercourse. She testified that she was forced into the car and the apartment and hit, choked and threatened into submission.

Thomas and Palmore were charged with unlawful carnal knowledge of a female over the age of con-

sent. (MCLA 750.520; MSA 28.788.) A jury trial
was waived. Trial was had before Hon. John R.
Murphy of the Recorder's Court. At the conclusion
of the trial, the court said: "I am going to find both
defendants guilty of carnal knowledge of a female
over the age of 16, based on all the facts."

Thomas filed a delayed application for leave to appeal to the Court of Appeals, asserting: 1) inadequate findings of fact, as required by GCR 1963, 517.1; and 2) insufficiency of evidence to find a rape by force. The Court of Appeals, one judge dissenting, denied Thomas' application.

Thomas filed an application for leave to appeal with this Court. Leave to appeal was granted. The Court of Appeals was summarily affirmed "for the reason that GCR 1963, 517.1 does not apply to criminal cases." (384 Mich 804.)

Defendant applied for a rehearing "limited solely to the issue of whether GCR 1963, 517.1 applies to criminal cases." We vacated our previous order and granted leave to appeal to consider the question as to whether GCR 1963, 517.1 applies to criminal cases.

## II

On this appeal, defendant has raised a second issue which we shall dispose of first. Defendant challenges the sufficiency of the evidence to support the judgment beyond a reasonable doubt. Defendants admit that they had intercourse with the prosecutrix. The only contested element is whether such intercourse was "by force and against her will". The testimony of the prosecutrix, if believed, provided sufficient evidence to conclude that the intercourse was against her will and that she resisted to the utmost of her ability under the circumstances. *People* v *Geddes,* 301 Mich 258, 261 (1942).

The trial judge obviously believed her version to be true beyond a reasonable doubt. As we have frequently held: "The trial judge saw and heard the witnesses and he was in a far better position than is this Court to determine their credibility." *People v Szymanski,* 321 Mich 248, 254 (1948). See, also, *People v Eger,* 299 Mich 49, 55 (1941); *People v Chesbro,* 300 Mich 720, 722–723 (1942); *People v Bailey,* 341 Mich 592, 597 (1954).

## *III*

Defendant's contention that GCR 1963, 517.1[1] applies to criminal cases, as well as civil cases, presents an issue about which there has been considerable uncertainty.

Thomas argues that GCR 1963, 517.1 requiring the Court to "find the facts specially and state separately its conclusions of law thereon," must be followed by the Court in criminal cases for the following reasons:

(1) Application of GCR 1963, 517.1 to criminal cases is compelled by GCR 1963, 785.1(1), which provides as follows:

"(1) The provisions of the Rules of Civil Pro-

---

[1] ".1 Effect. In all actions tried upon the facts without a jury or with an advisory jury, *the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.* It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. If an opinion or memorandum decision is filed, it will be sufficient if the findings and conclusions appear therein. The clerk shall notify the attorneys for both parties of the findings of the court. Findings of fact and conclusions of law are unnecessary on decisions of motions except as provided in sub-rule 504.2. Requests for findings are not necessary for purposes of review. No exception need be taken to any finding or decision. Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it." (Emphasis added.)

cedure shall apply to criminal cases, except as otherwise provided by rule or statute, and except when it clearly appears that they apply to civil actions only, or where statutes or special court rules provide a different procedure."

(2) The Court of Appeals has consistently construed GCR 1963, 517.1 as applying to judge-tried criminal cases.[2]

(3) Modern criminal procedure, as evidenced by criminal procedure under the Federal rules and a growing practice in other state jurisdictions, provides that the judge shall make findings of fact in bench-tried criminal cases.

Does GCR 1963, 785.1(1) compel application of GCR 1963, 517.1 to criminal cases since there is no other rule or statute which provides differently? A General Court Rule does not apply to criminal cases "when it clearly appears that * * * [it applies] to civil actions only." GCR 1963, 785.1(1).

Despite the Court of Appeals cases holding GCR 1963, 517.1 applicable to criminal cases,[3] historical

[2] *People* v *Beaudoin*, 7 Mich App 461, 464 (1967): "In cases tried by a judge without a jury, GCR 1963, 517.1 requires the judge to make findings of fact. This rule applies to criminal as well as civil trials. GCR 1963, 785.1(1)."

Other Court of Appeals cases which have considered this issue have also held GCR 1963, 517.1 applicable to criminal cases. See, *People* v *George Scott*, 21 Mich App 217 (1970); *People* v *Hubbard*, 19 Mich App 407 (1969); *People* v *Martinovich*, 18 Mich App 253 (1969); LEVIN, J., dissenting in *People* v *Owens*, 13 Mich App 469, 483 (1968).

[3] Judge LEVIN's footnote 7 in *People* v *Owens*, 13 Mich App 469, 483, states the rationale for applying GCR 1963, 517.1 to criminal cases:

"In nonjury cases the importance of requiring specific findings of fact to evoke the trial judge's care in ascertaining the facts, to make clear just what was decided, and as an aid to appellate review, is now so universally acknowledged that virtually every jurisdiction requires fact-finding by the trial judge in civil cases tried by a judge. 53 Am Jur, Trial, § 1133, p 787; 2B Barron & Holtzoff Federal Practice and Procedure, § 1121, pp 479–482.

"The same need for fact-finding exists in a criminal case tried by a judge without a jury. If judges were not at times mistaken as to the law, no trial judge would ever be reversed for misdirection

and policy considerations lead us to conclude that GCR 1963, 517.1 should apply only to civil actions.

Although it was recognized early in Michigan jurisprudence that complex questions of fact and law in civil cases frequently require special verdicts,[4] only a general verdict has been allowed in jury-tried criminal cases.

---

of a jury, and there would be no need for further review from our Court by the Supreme Court. Judges are sometimes mistaken as to the law, or at least differ as to the law. In a sense, findings of fact in a nonjury criminal case serve a function paralleling the judge's charge in a jury case, that of revealing the law applied by the fact finder. While there probably is less need for fact-finding where the accused is charged with a so-called common-law crime, there is great need for fact-finding where the alleged crime is defined in two loosely drawn provisions, one in the probate code and the other in the penal code.

"In *People* v. *Beaudoin* (1967), 7 Mich App 461, our Court held GCR 1963, 517.1's requirement that the trial judge make findings of fact applies to criminal as well as civil trials.

"While fact-finding in criminal cases is relatively new, it is not unknown. Rule 23(c) of the federal rules of criminal procedure provides for such fact-finding when it is requested by either party. New Jersey (RR 3:7–1[c]) and Delaware (rule 23[c] rules of criminal procedure of the superior court, Del C Ann) have adopted verbatim FR Cr P 23(c).

"In *State* v. *Frost* (1926), 105 Conn 326 (135 A 446), the court, independently of statute or rule, held it essential that the trial court in a nonjury criminal case find and state both the subordinate facts and the ultimate fact. In *City of Seattle* v. *Silverman* (1950), 35 Wash 2d 574 (214 P2d 180, 182), the court reaffirmed prior holdings that 'under § 367 Rem Comp Stat (Rem Rev Stat, § 367), in a criminal case tried to the court without a jury, findings of fact should be made as in civil cases'; the statutory requirement referred to (now RCW 4.44.050), in language not unlike Michigan's court rule, provides: 'Upon the trial of an issue of fact by the court * * * the facts found and the conclusions of law shall be separately stated.'

"See, also, *Specht* v. *Patterson* (1967), 386 US 605, 610 (87 S Ct 1209, 18 L Ed 2d 326), where the court observed: 'Due process, in other words, requires that he be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine, and to offer evidence of his own. *And there must be findings adequate to make meaningful any appeal that is allowed.*' (Emphasis supplied.)"

[4] 1846 RS, Ch 103, § 57. Prior to the General Court Rules of 1963, provision for special findings on questions of fact was found in 1948 CL 618.39 and Court Rule No 37, §§ 6 and 7 (1945). Currently a special verdict is allowed at the discretion of the trial court by GCR 1963, 514.

The verdict of guilty necessarily encompasses a finding against the defendant on every element of the crime. If sufficient proof does not exist from which the trier-of-the-fact could find every element of the crime beyond a reasonable doubt, a conviction will be reversed, regardless of whether a judge renders the judgment or a jury brings in the verdict. *People* v *Fairchild,* 48 Mich 31 (1882); *People* v *Aikin,* 66 Mich 460 (1887); *People* v *Gadson,* 348 Mich 307 (1957).

As early as 1853, Michigan law provided for special findings of fact upon proper request in judge-tried civil cases.[5] From 1916 to 1930, Circuit Court Rule No 45(1) provided in part that "whenever the court is requested in writing before judgment, the facts as well as the law shall be embodied in the findings." In *People* v *Ingersoll,* 245 Mich 530, 532 (1929), this Court declined to apply Circuit Court Rule No 45 to criminal cases, saying:

"We are asked to extend the provisions of Circuit Court Rule No. 45 to the trial of criminal cases before the court without a jury, it being contended that unless this be done a defendant so tried will be deprived of adequate method of review. The Constitution, art. 2, § 19, accords to every accused the right of trial by jury, and the criminal code recognizes such right, but leaves it to an accused to have such trial or waive the right and be tried before the court."

The 1931 revision of the Court Rules limited special findings of fact by the judge in civil cases.

Court Rule No 37, § 11 (1931), provided:

"When an action at law is tried by the court without a jury:

\* \* \*

---

[5] PA 1853, No 91; Circuit Court Rule No 26 (1897); Circuit Court Rule No 45 (1916); 1948 CL 618.14.

"(b) No special findings shall be required, but it shall be sufficient for the trial judge to find generally for or against the several parties.

"(c) It shall be the duty of the trial judge to sign and file, or to dictate to the stenographer, an opinion in which he shall set forth his decision and the substance of the judgment with a concise statement of his reasons therefor."

The Committee Notes under § 11 explained this change was desirable because of the overly technical nature of appeals from findings of fact:

"Section 11 is new. It takes the place of Circuit Court Rule 45, which authorized either party, if he saw fit, to demand special findings of law and fact. Unless such special findings were made, it was held that the evidence could not be reviewed by the Supreme Court to determine whether it was sufficient to support the judgment.

"It is an opinion widely held by the bar and bench of this state, that the greatest obstacle to the waiver of juries in civil cases is the requirement of special findings. The preparation of findings is burdensome and there is a great risk of error involved in taking exceptions so as to save the questions which the parties desire to have reviewed.

"Special findings of fact, when employed, become the foundation for the judgment, and the evidence cannot be looked to as in equity cases. It results from this that after a case has been properly established by proof it will always be jeopardized and may frequently be ruined in the process of transcribing it into the form of findings. Every fact necessary to support the judgment must be set out in the findings, and the accidental omission of any one, even though established by undisputed testimony or by admission at the trial, will be ground for reversal, *Gray v. Pike,* 38 Mich. 650, and the findings cannot be extended by inference or intendment."

The requirement for findings was not re-estab-

lished until the General Court Rules of 1963. There is no historical basis for applying GCR 1963, 517.1 to criminal trials.

Turning to policy considerations, defendant mistakenly relies on FR Civ P, 52, to support his position. As the Committee Notes indicate, FR Civ P, 52, was the source for GCR 1963, 517.1.[6] However, judge-tried criminal cases are not covered by Rule 52, but by Rule 23(c),[7] Federal Rules of Criminal Procedure, which requires special findings of fact *only when specifically requested by counsel.* Even Rule 23(c) has been subjected to criticism.[8] The Preliminary Draft of the Advisory Committee on the Federal Rules proposed that the Court "may" make special findings on request, but the United States Supreme Court, in adopting the rules, changed "may" to "shall," making the duty mandatory.[9]

Criticism of Rule 23(c) has led the Commissioners on Uniform Laws to adopt the discretionary approach of the Advisory Committee on the Federal Rules. Rule 34(c) of the Uniform Rules of Criminal Procedure provides:

"(c) *Trial without a Jury.* In a case tried without a jury the court shall make a general finding and may in addition find the facts specially."

This rule, along with the other Uniform Rules of

---

[6] 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 591.

[7] FR Crim P, 23(c) provides:

"(c) *Trial Without a Jury.* In a case tried without a jury the court shall make a general finding and shall in addition on request find the facts specially. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear therein."

[8] 6 NYU Inst on Fed R Crim P 173, 198–199 (1946); Orfield, Criminal Procedure from Arrest to Appeal 396 (1947); Dession, *The New Federal Rules of Criminal Procedure: II,* 56 Yale LJ 197, 225 (1947).

[9] 2 Wright, Federal Practice and Procedure, § 374, p 15.

Criminal Procedure, have been approved by the American Bar Association.[10]

Considerations of efficient judicial administration do not favor applying GCR 1963, 517.1 to criminal cases. Trying cases to a judge rather than a jury decreases the delay and backlog in criminal cases. If findings of fact are required of trial judges, the number of cases that can be handled per judicial hour will be decreased. It is difficult at present for the appellate courts to insure that trial courts make adequate fact findings in bench-tried civil cases. Insuring that adequate special fact findings are made in criminal cases would place an additional burden on appellate courts and would create an unnecessarily technical basis for appeals which would have no relationship to the correctness or fairness of the appealed conviction.

In view of the historical nature of the criminal verdict and the safeguards against erroneous factual determinations embodied in the requirement that there be sufficient proof of each element of the crime, we hold that no special findings of fact are required in judge-tried criminal cases.

We adopt the position of the Uniform Rules of Criminal Procedure that special findings may be made upon request. In complex cases, trial courts are encouraged to make special findings where it appears such findings would aid appellate courts in the event of an appeal.

The judgment of the trial court is affirmed as to defendant Thomas.

T. E. BRENNAN and WILLIAMS, JJ., concurred with ADAMS, J.

BLACK, J., concurred in the result.

---

10 3 Orfield, Criminal Procedure Under the Federal Rules, § 23.59, p 79.

T. G. KAVANAGH, J. (*dissenting*). If GCR 1963, 517,1 is of such value in civil practice as to be required without request, I cannot see why we should settle for less in the administration of criminal justice.

It has never been suggested that the backlog clogging our civil dockets in some parts of the state can be attributed to this rule. I do not anticipate that it would add materially to our criminal backlog, and it surely would facilitate meaningful appellate review.

This rule should apply to both civil and criminal cases and should be vigorously applied.

I would remand for compliance with the rule.

T. M. KAVANAGH, C. J., and SWAINSON, J., concurred with T. G. KAVANAGH, J.