PEOPLE v BRUCE RAMSEY

Docket No. 77-3680. Submitted February 22, 1979, at Detroit.—Decided April 16, 1979. Leave to appeal applied for.

Bruce O. Ramsey was found guilty of second-degree murder but mentally ill, in a nonjury trial, Wayne Circuit Court, Peter B. Spivak, J. The defendant appeals alleging: 1) that he was prejudiced in the presentation of his defense by the trial court's failure to grant his pretrial motion to dismiss the charge of first-degree murder because the trial court was inclined to reach a compromise verdict, 2) that he should have been acquitted of second-degree murder because the trial court found that he was mentally ill at the time of the offense, and 3) that the trial court's findings of fact were clearly erroneous and are inadequate to aid review. *Held:*

1. It was not an abuse of discretion for the defendant to be bound over for trial on a charge of first-degree murder as there was sufficient evidence from which it could be inferred that the killing was willful, deliberate and premeditated.

2. The fact that the defendant was mentally ill at the time of the killing does not, as a matter of law, necessitate a finding of not guilty of murder.

3. The clear error standard of review of a trial court's finding of fact applies to criminal cases. However, due to the inadequacy of the trial court's findings of fact, the Court of Appeals is unable to make that review. The matter is remanded for further fact finding.

Remanded for findings of fact.

1. HOMICIDE — FIRST-DEGREE MURDER — PRELIMINARY EXAMINATION — MAGISTRATES — DISCRETION — APPEAL AND ERROR.

The issue of whether there is sufficient evidence to hold a defendant for trial for first-degree murder is one addressed to a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 449.
[3, 4] 40 Am Jur 2d, Homicide §§ 115, 292.
[5] 76 Am Jur 2d, Trial §§ 1252, 1258.
[6, 7] 5 Am Jur 2d, Appeal and Error §§ 839–841.

magistrate's discretion and is reviewable only for abuse of discretion.

2. APPEAL AND ERROR — HOMICIDE — MAGISTRATES — FIRST-DEGREE MURDER — EVIDENCE — PRELIMINARY EXAMINATION.

   Review of a magistrate's ruling that there is sufficient evidence to hold a defendant for trial for first-degree murder is limited to the preliminary examination transcript; testimony taken at trial may not be considered.

3. HOMICIDE — FIRST-DEGREE MURDER — MENTAL ILLNESS — PRELIMINARY EXAMINATION — DISCRETION — STATUTES.

   It does not necessarily follow that a person with a "substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life" is incapable of deliberation and premeditation; therefore, it was not an abuse of discretion for a magistrate to bind a defendant over for trial for first-degree murder where, while there was evidence presented from which it could be inferred that the defendant was mentally ill at the time of the offense, there was also evidence presented from which it could be inferred that the killing was willful, deliberate and premeditated (MCL 330.1400[a]; MSA 14.800[400a]).

4. HOMICIDE — FIRST-DEGREE MURDER — MALICE AFORETHOUGHT — MENTAL ILLNESS.

   Mental illness and malice aforethought are not mutually exclusive mental conditions; while mental illness may factually negate a finding of malice aforethought in a particular case, it does not follow, as a matter of law, that a finding of mental illness necessitates a finding of not guilty of murder.

5. COURTS — TRIAL COURTS — FINDINGS OF FACT — BENCH TRIAL — COURT RULES.

   A trial court, in actions tried without a jury, is required to find the facts specially and state separately its conclusions of law thereon (GCR 1963, 517.1).

6. APPEAL AND ERROR — FINDINGS OF FACT — BENCH TRIAL.

   A finding of fact by a court sitting in a bench trial is clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

7. Appeal and Error — Bench Trial — Findings of Fact.

An appellate court is obliged under court rule, in criminal cases as well as in civil cases, to set aside clearly erroneous findings of fact made by a judge sitting in a bench trial even if there is sufficient evidence to sustain the verdict of a jury reaching the same conclusion (GCR 1963, 517.1).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Frederick W. Lauck (Daniel J. Henry, Jr.,* of counsel), for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

R. B. BURNS, J. Defendant was charged with the first-degree murder of his wife. MCL 750.316; MSA 28.548. Defendant presented an insanity defense at his bench trial. The trial court found him guilty of second-degree murder, MCL 750.317; MSA 28.549, but mentally ill, MCL 768.36; MSA 28.1059. Defendant appeals.

Evidence presented at trial indicates that defendant stabbed his wife to death, and then attempted suicide by stabbing himself three times. From defendant's testimony and corroborating evidence it could be inferred that defendant believed his wife was possessed by a demon and that, when he stabbed her, he believed that she was already dead, and that he was attempting to cut the demon out and restore her to life. A psychiatrist who testified for the defense concluded that defendant was suffering from acute schizophrenia at the time of the incident and had been insane. Two psychia-

trists, called by the prosecution in rebuttal, expressed contrary opinions.

The primary thrust of defendant's argument on appeal is factual: that the trial court erred in finding defendant sane at the time of the homicide. The argument rests in part on several erroneous arguments concerning the law, raised in related issues. Thus, we will first discuss the related issues before reaching the primary issue on appeal.

Defendant argues that he was prejudiced in the presentation of his defense by the trial court's failure to grant his pretrial motion to dismiss the charge of first-degree murder because the trial court was inclined thereby to reach a compromise verdict. Defendant relies upon the preliminary examination and trial transcripts to argue that the evidence of mental illness was compelling and asserts that a person who is mentally ill is incapable of "wilful, deliberate and premeditated killing". MCL 750.316; MSA 28.548.

The issue of whether there was sufficient evidence to hold defendant for trial for first-degree murder was one addressed to the magistrate's discretion and is reviewable only for abuse of discretion. *People v Karcher,* 322 Mich 158, 162-163; 33 NW2d 744, 746 (1948). Review is limited to the preliminary examination transcript; testimony taken at trial cannot be considered. *People v Charles D Walker,* 385 Mich 565, 572; 189 NW2d 234, 237 (1971). While there was evidence presented at the preliminary examination from which it could be inferred that defendant was mentally ill at the time of the offense, there was also evidence from which it could be inferred that the killing was willful, deliberate and premeditated. It does not necessarily follow that a person with a "substantial disorder of thought or mood which

significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life", MCL 330.1400(a); MSA 14.800(400a), is incapable of deliberation and premeditation. We find no abuse of discretion.

Defendant argues that he should have been acquitted of second-degree murder because the trial court found that he was mentally ill at the time of the offense. The incorrect premise underlying this argument is that one who is mentally ill is incapable of forming the *mens rea* of murder. Mental illness and malice aforethought are not mutually exclusive mental conditions. While mental illness may factually negate a finding of malice aforethought in a particular case, see *People v Lynch,* 47 Mich App 8; 208 NW2d 656 (1973), it does not follow as a matter of law that a finding of mental illness necessitates a finding of not guilty of murder.

Defendant contends that MCL 768.36; MSA 28.1059, creating the "guilty but mentally ill" verdict, is unconstitutional. First, defendant argues that the definitions of mental illness, MCL 330.1400(a); MSA 14.800(400a), and insanity, MCL 768.21a; MSA 28.1044(1), are so vague and overlapping as to confer upon the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed. See *People v Howell,* 396 Mich 16, 20; 238 NW2d 148, 149 (1976). A reading of the statutes refutes defendant's argument. Second, defendant argues that the evaluation and treatment provisions of the statute are illusory. This Court has previously held that such an argument is premature. *People v McLeod,* 77 Mich App 327; 258 NW2d 214 (1977), *lv granted,* 402 Mich 927 (1978). It would be inappropriate for this Court to possibly confuse the law

by re-examining the correctness of the holding in *McLeod* where the issue is pending in the Supreme Court. We therefore do not reach the merits of the issue raised by defendant.

In an extensive review of the facts presented at trial, defendant argues primarily regarding the insanity issue that the trial court's findings of fact were clearly erroneous. GCR 1963, 517.1. Defendant also raises a collateral issue, arguing that the trial court's findings of fact are inadequate to aid review. GCR 1963, 517.1, *People v Jackson,* 390 Mich 621, 627; 212 NW2d 918, 921 (1973). Plaintiff, equating the scope of review of bench trial findings of fact with jury verdicts, asserts that, because there was conflicting evidence on the sanity issue, the trial court's conclusion may not be disturbed. See, *e.g., People v Palmer,* 392 Mich 370; 220 NW2d 393 (1974), *People v Szymanski,* 321 Mich 248; 32 NW2d 451 (1948), but see, *People v Beath,* 277 Mich 473, 482-483; 269 NW 238, 242 (1936). Additionally, plaintiff argues that the trial court's opinion indicates it was aware of the insanity-mental illness issue, resolved it, and a remand is not necessary to facilitate review. *People v Jackson, supra.* Thus, the parties raise two procedural issues which we must resolve prior to reaching the substantive issue of sufficiency of evidence: the scope of review, and the degree of specificity required of the trial court's findings of fact to aid review.

GCR 1963, 517.1 requires the trial court, in actions tried without a jury, to "find the facts specially and state separately its conclusions of law thereon". Fact findings are sufficient if "the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization

of facts". In addition to requiring findings of fact, the court rule sets forth a standard of review of those facts:

"Findings of fact shall not be set aside unless clearly erroneous. In the application of this principle regard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it."

Construing the court rule in the civil context, the Supreme Court has held that a finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed". *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244, 245 (1976). Under this standard of review, the evidence in a nonjury case is subjected to a more rigorour review than that in a jury case. *Id., Schneider v Pomerville,* 348 Mich 49, 54-55; 81 NW2d 405, 408 (1957).

Under GCR 1963, 517.1, as construed in *Tuttle,* this Court could be required to reverse even where there is conflicting evidence, if left with a definite and firm conviction that a mistake has been committed. Thus, the standard of review under GCR 1963, 517.1 is broader than that stated in *People v Szymanski, supra,* and advocated by plaintiff.

It is unclear whether the Supreme Court has held that the clear error standard of GCR 1963, 517.1 applies in criminal cases. In *People v Thomas,* 387 Mich 368; 197 NW2d 51 (1972), the Supreme Court split over whether GCR 1963, 517.1 applied through GCR 1963, 785.1(1) to criminal cases. The primary focus of the plurality opinion taking the negative view was upon whether the fact finding portion of GCR 1963, 517.1 should

apply to criminal cases, and there was no discussion of whether the scope of review in criminal cases ought to be expanded. However, the opinion did equate the scope of review in bench cases with jury cases, in discussing the lack of need for findings of fact. In *People v Jackson, supra,* the Court referred to *People v Thomas, supra,* stated that it was not binding under stare decisis, and held that in criminal cases, as well as civil cases, a judge who sits without a jury is obligated to articulate the reasons for his decision in findings of fact. The rationale for the holding was that findings of fact facilitate review by revealing the law applied by the fact finder.

It could be inferred that the Supreme Court in *Jackson* did not hold that the clear error standard of GCR 1963, 517.1 applies in criminal cases. The Court did not explicitly tie the fact finding requirement to the court rule. The court rule addresses two issues—fact finding, and review, while *Jackson* addresses only the issue of fact finding. The rationale advanced for the rule is narrow—to reveal the law applied, rather than to reveal whether the trial court's findings of fact are clearly erroneous.

Nonetheless, we believe *Jackson* held GCR 1963, 517.1 applies in entirety to criminal cases. The reference to *Thomas* indicates the Court was addressing the same issue presented in *Thomas*— whether GCR 1963, 517.1 applies through GCR 1963, 785.1(1) to criminal cases. This Court has assumed that *Jackson* held that the court rule does apply in criminal cases. *People v Brooks,* 75 Mich App 448, 450; 254 NW2d 926, 927 (1977). Justice LEVIN, who authored the *Jackson* opinion, understood that to be the holding of *Jackson,* and has asserted that the clear error standard, as explained in *Tuttle,* applies in criminal cases.

*People v Garcia,* 398 Mich 250, 271; 247 NW2d 547, 556 (1976) (Levin, J., dissenting). The majority in *Garcia* did not contradict Justice Levin's interpretation of his opinion in *Jackson.*[1] The rationale for a more exacting standard of review in bench cases than in jury cases enunciated in the civil context, that a jury is more likely to be right than a judge alone, *Schneider v Pomerville, supra,* applies with equal force to criminal cases. Finally, it would be hard to justify a lesser standard of review in a case in which a person's liberty is at stake than in cases where only property is at stake.

Since GCR 1963, 517.1 applies to criminal cases, we have a duty to review for clearly erroneous findings of fact, despite the presence of conflicting evidence in this case. However, we find we are unable to make that review, due to inadequate findings of fact.

After concluding upon a review of the evidence that the prosecution failed to establish beyond reasonable doubt first-degree murder, the trial court stated:

"However, I do find the Defendant guilty of second degree murder and I find him guilty but mentally ill of that charge. I do not find him legally insane. I find, based upon the testimony of all three psychiatrists, that he may have had a number of problems and he may have been agitated but that he was not legally insane."

---

[1] The majority resolved the sufficiency of evidence issue through application of the maxim that deference should be given the trial court's assessment of credibility, a principle applicable to review under GCR 1963, 517.1. The standard of review stated by the majority opinion was a tautology—there was sufficient evidence to sustain the verdict if there was ample evidence to warrant a verdict of guilty. *Garcia, supra,* at 263; 247 NW2d at 552. It is unclear whether this tautology was intended as a statement of a lesser standard of review than that required by GCR 1963, 517.1.

Findings of fact serve two purposes. First, they demonstrate how the trial court resolved credibility issues and conflicts in evidence. Unless the trial court elucidates what it found to have happened, we cannot give regard to the court's resolution of credibility issues, nor can we determine whether what the trial court found to be fact is clearly erroneous. GCR 1963, 517.1. Second, the findings of fact are necessary to reveal the law applied by the trial court. *People v Jackson, supra.*

The trial court's findings of fact do not suit either purpose. One might infer from the trial court's statement that the psychiatrists were in agreement as to defendant's mental state. They were not. Additionally, the validity of their various opinions necessarily turn upon a determination of accuracy of the facts relied upon in the formation of their opinions. This in turn depends upon an assessment of the credibility of the lay witnesses who testified as to defendant's mental state. The trial court's opinion is woefully inadequate to aid review. Besides insanity, defendant raises fact issues on appeal concerning proof of malice aforethought, diminished responsibility, and lack of concurrence between the *mens rea* and *actus reas* of the crime. The trial court's opinion does not address these issues. Finally, the trial court has not stated with sufficient clarity the law applied in this case.

Remanded for findings of fact. We retain jurisdiction.